## Braddock Dry Goods Company's Appeal

*John C. Fulton* and *George L. Hilty*, for petitioners.

SMITH, J., July 11, 1941.—This case comes before the pretrial court upon an appeal from the board for the assessment and revision of taxes, County of Alle-

gheny, sustaining an assessment valuation of $6,890 on machinery on the premises of appellant, Braddock Dry Goods Co., Braddock Borough, Pa.

A portion of the premises owned by appellant is leased to the Braddock Free Press, and the machinery in question is the printing machinery and presses necessarily incident to the publication of a newspaper.

The Act of April 29, 1844, P. L. 486, sec. 32, as amended by the Act of April 28, 1927, P. L. 491, sec. 1, reads:

". . . from and after the passage of this act, all real estate, to wit: Houses, lands, lots of ground and ground rents, mills and manufactories of all kinds, fur- . naces, forges, bloomeries, distilleries, sugar houses, malt houses, breweries, tan yards, fisheries and ferries, wharves and all other real estate not exempt by law from taxation; and all salaries and emoluments of office, all offices, and posts of profit, professions, trades and occupations, except the occupation of farmers, together with all other things now taxable by the laws of this Commonwealth, shall be valued and assessed and subject to taxation for the purposes in this act mentioned, and for all county purposes whatsoever."

· It is contended on the part of plaintiff that printing presses are not "mills and manufactories" under the terms of this act, and since they do not fall under any of the other descriptive terms used cannot be subject to taxation.

In support of their contention, they rely on Wilkes-Barre Times v. City of Wilkes-Barre, 10 Dist. R. 691. In that opinion, Lynch, P. J., said:

"The facts agreed upon show the *Times* is 'engaged in the business of printing and publishing a daily newspaper.' If we accept the definition of the words 'factories' (Act of 1834), or 'manufactories' (Act of 1844), given by Webster, appellant cannot be taxed: *'Factory* —a building or collection of buildings appropriated to the manufacture of goods,' etc. No one, save those who

feel aggrieved, for a time, at articles published in newspapers, speaks of a newspaper establishment as a factory. To manufacture is the operation of making wares of any kind: Webster. Byers v. Franklin Coal Co., 106 Mass. 131, holds that publishing a newspaper is not manufacturing.

"In Franklin Fire Ins. Co. v. Brock, 57 Pa. 74, Mr. Justice Read said: 'A mill within the meaning of the prohibition is not merely a place where something might be ground, nor a manufactory merely where something may be made by hand or machinery, but what common usage recognizes as a mill or manufactory respectively.' The language in the policy of insurance in above case and that in the Acts now under consideration is substantially identical.

"The property in this case is not assessed as a machine shop, a factory or a manufactory, or as real estate, but as machinery, followed (in the agreement) by an enumeration of the machines and the uses to which the whole is put, viz., printing and publishing a daily newspaper. At present, all factories and manufacturing establishments, no doubt, use machinery, but there is much machinery not used in either.

"In re Capital Publishing Co., 3 McArthur, 412 (1879), a well considered case, is in line with the above view; also Evening Journal Ass'n v. State Board of Assessors, 47 N. J. L. 36.

"As stated in the excellent and exhaustive argument of counsel for appellant, it is a significant fact that in no Act of Assembly is printing referred to otherwise than as the business of 'printing and publishing'. See Act of 1897, P. L. 30, where the distinction between manufacturing and 'printing offices' is emphasized."

With this construction of the act we agree. It is also in line with the requirements of the Statutory Construction Act of May 28, 1937, P. L. 1019, sec. 33, which reads:

"Section 33. Words and Phrases.—Words and phrases shall be construed according to rules of grammar and according to their common and approved usage; . . ."

Under this rule of construction specifically prescribed by the legislature, it cannot reasonably be argued that mills and manufactories in the "common and approved usage" of these words contemplates printing presses or the printing machinery necessarily incident to the publication of a newspaper.

The appeal is, therefore, sustained and the assessment stricken from the record.